**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 08-212-HRW**

**KENDRA RENAH GAMBREL**,                                    **PLAINTIFF,**

**v.**                    **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits, child's insurance benefits and supplemental security income

benefits.  The Court having reviewed the record in this case and the dispositive

motions filed by the parties, and being otherwise sufficiently advised, for the

reasons set forth herein, finds that the decision of the Administrative Law Judge is

supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for benefits on September 21, 2006,

alleging disability beginning on August 15, 1996, due to dyslexia, nervousness

and irritability (Tr. 88).  This application  was denied initially and on

reconsideration.  On October 25, 2007, an administrative hearing was conducted

by Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein

Plaintiff, accompanied by counsel, testified.  At the hearing, Katharine Bradford, a

vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 27, 2007, the ALJ issued his decision finding that Plaintiff

was not disabled (Tr. 6-19).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability[1] (Tr. 11).

The ALJ then determined, at Step 2, that Plaintiff suffered from borderline intellectual functioning, learning disorder and depression, which he found to be "severe", in combination, within the meaning of the Regulations (Tr. 12-14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-15).  In doing so, the ALJ specifically considered listings 12.04 and 12.06.

The ALJ further found that Plaintiff could not return to her past relevant work as a fast food worker and assembler(Tr. 17) but determined that she has the residual functional capacity ("RFC") to perform work at all exertional levels with certain nonexterional limitations as set forth in the hearing decision (Tr. 15-16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17-18).

---

[1]   Although the record establishes that Plaintiff worked in 2004 and above the SGA level from February 2006 to September 2006, the ALJ, nonetheless, proceeded through the remaining steps of the sequential evaluations in order to determine if she was disabled since filing her application..

3

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 3, 2008 (Tr. 2-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

On appeal, Plaintiff contends that the ALJ improperly rejected the opinion

of Dr. Arkadiev, who treated her at the Cumberland Rover Comprehensive Care

Center.

In order to be given controlling weight, the opinions of a treating source on

issues involving the nature and severity of a  claimant's  impairments must be well

supported by medically acceptable clinical and laboratory diagnostic techniques,

and be consistent with other substantial evidence in the case record. 20 C.F.R. §

416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not

bound by a  treating physician's opinion.  Such opinions receive great weight only

if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431,

435 (6th Cir. 1985)(citations omitted).

The record includes two assessments from Dr. Arkadiev, dated September 1,

20007 and October 9, 2007 (Tr. 128-132, Tr. 115-117), in which he essentially

opines that Plaintiff is precluded from work activity due to psychological

5

impairment. The ALJ declined to defer to Dr. Arkadiev's opinion, finding that it was not supported by objective data and is inconsistent with treatment records as well as Plaintiff's own reports regarding her daily activities (Tr. 17).

The treatment notes from the Cumberland Rover Comprehensive Care Center do not support Dr. Arkadiev's opinion of disabling mental impairment. Rather, Plaintiff's treatment there was minimal and conservative.

The opinions of other medical sources are not consistent with Dr. Arkadiev's suggestion of extreme limitation of functioning. For instance, consultative examiner Timothy Briggs, Psy.D. found some limitation on Plaintiff's social functioning but found mental status findings to be unremarkable (Tr. 204-205). His opinion is consistent with that of the state agency psychological consultants, Ann Hess, Ph.D. and Jay Athy, Ph.D. (Tr. 181-197, 135-153).

Moreover, the record is devoid of history of psychiatric treatment until *after* Plaintiff sought benefits. Nor does the record establish that Plaintiff required hospitalization or in-patient treatment for her mental impairment.

In addition, the ALJ noted that Plaintiff engages in a variety of daily activities and that the record bears no indication that she is unable to function appropriately in the public domain (Tr. 14).. The ALJ also noted that Plaintiff exhibited no abnormal behaviors during the hearing and that she was able to

understand and follow the proceedings (Tr. 15).

Having reviewed the record, the Court finds that the ALJ gave adequate and appropriate reasons for rejecting Dr. Arkadiev's opinion of disabling mental impairment.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___20___ day of February, 2009.

_____
Henry R. Wilhoit, Jr., Senior Judge